**Billy BOSTIC, Plaintiff,**

v.

**Otis R. BOWEN, Defendant.**

**No. 87 C 6503.**

United States District Court, N.D. Illinois, E.D.

Aug. 22, 1988.

Miriam N. Geraghty, Kinoy, Taren, Geraghty & Potter, P.C., Chicago, Ill., for plaintiff.

No appearance for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Counsel for prevailing plaintiff Billy Bostic ("Bostic") in this Social Security case have just petitioned for an award of attorneys' fees, relying on both 42 U.S.C. § 406(b)(1) ("Section 406(b)(1)") and the contingent fee agreement between Bostic and the lawyers (the "Agreement"). For the reasons briefly stated in this memorandum opinion and order, the requested amount of $3,328.26 now withheld by the Social Security Administration ("SSA") toward payment of attorneys' fees is in fact awarded to counsel.

Section 406(b)(1) provides for "a reasonable fee for such representation, not in excess of 25 percent of the total past due benefits to which the claimant is entitled by reason of [the favorable] judgment...." Under the Agreement Bostic agreed to pay the greater of two amounts if he won the case:

> 25% of any back benefits to which it is determined that I am entitled as a result of my claim or $90 per hour for time expended by my attorneys in furtherance of any claim.

By definition a lawyer and client are in a conflict of interest situation when it comes to setting lawyers' fees—a subject on which the client is never independently represented. Moreover, every court is legally obligated to review the reasonableness of lawyers' fees whenever it has occasion to approve them. Accordingly the Agreement must be viewed as containing the same implicit requirement of reasonableness as the explicit requirement of Section 406(b)(1).

There are serious elements of impracticality and unfairness in the way the law on attorneys' fees awards—with its almost invariable emphasis on the lodestar approach

—has developed. Even the greatest lawyers lose cases as well as win them—and it would certainly seem that a universe in which lawyers go wholly unpaid in cases they lose, but are paid for the cases they win at rates that fail to reflect the risk of loss, is a distorted universe. In terms of economic analysis, the overall result must be one of undercompensation. Yet that is the way of the world as announced in the plurality opinion in *Pennsylvania v. Delaware Valley Citizens' Council,* — U.S. ——, 107 S.Ct. 3078, 3082–87, 97 L.Ed.2d 585 (1987).[1]

Neither Supreme Court Justices nor lower-level judges in the federal hierarchy have to run law offices and pay for associates and overhead. In these days of grossly underpaid federal judges, there may perhaps be less concern for the compensation level of lawyers who, even under the *Delaware Valley* plurality approach, must earn (or, more accurately, receive) substantially more than even Supreme Court Justices. But with all respect, the dissenters in *Delaware Valley,* 107 S.Ct. at 3091–3101 have all the better of the argument. It may be hoped that when the issue is put squarely to the Court, a majority of the Justices will espouse the views of Justice Blackmun's dissenting opinion in *Delaware Valley.* Until then, it may also be hoped that the free market advocates on our Court of Appeals will recognize the force of that position when they are called on to decide the question.

In the meantime this Court has to decide this case. Bostic's principal lawyer says she bills her work (presumably in situations where payment on an hourly basis is assured) at $140 per hour, and the other lawyer who has done less work on the case announces a comparable billing rate between $120 and $150 per hour. For the 18⅔ hours the two lawyers have spent on this litigation, the requested award (the full amount withheld by SSA) would work out

to an average hourly rate of $175. That increment over the assured-payment hourly rate is entirely reasonable in light of the nature of such contingent fee cases as a class (the factor in the *Delaware Valley* dissent with which Justice O'Connor agreed, 107 S.Ct. at 3089, thus assuring five votes on that issue).

Accordingly, taking all relevant factors into account, this Court approves the award to Bostic's counsel of the full requested sum of $3,328.26. SSA is ordered to pay that sum (the amount now withheld by it) to Bostic's counsel as attorneys' fees for their services.

---

**1.** To be sure, *Delaware Valley* dealt with the different situation in which fees were being shifted from the client to the unsuccessful opponent in the lawsuit, while here the approved fees will come out of the pocket of the client (who has agreed to pay 25% of his recovery to

the lawyer). But the analysis should be the same in principle, so long as the court is not bound to honor the parties' contractual arrangement, looking instead at the objective reasonableness of the fee.